IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MATHEW JONES, #26259                                                       PETITIONER

VERSUS                                        CIVIL ACTION NO.  3:07cv375-HTW-LRA

MISSISSIPPI SUPREME COURT,
UNKNOWN DIAZ, UNKNOWN CARLSON,
and UNKNOWN RANDOLPH                                                      RESPONDENTS

OPINION AND ORDER

 This cause comes before this court on petitioner's failure to comply with the order to show cause [11] entered August 29, 2008, as well as his failure to comply with the order [9] entered on July 16, 2008, and his failure to advise this court of a current address.  The petitioner filed the instant habeas petition on July 2, 2007.  On July 10, 2007, an order [4] an order was entered granting the petitioner's motion to proceed in forma pauperis which warned the petitioner that failure to advise this court of a current address could result in the dismissal of the instant petition for habeas relief.  Another order [5] was entered on July 10, 2007, directing the petitioner to amend his petition on the form and in the manner as requested by the *Rules Governing Section 2254 Proceedings for the Untied States District Courts*.  That order [5] also warned the petitioner that failure to advise this court of a current address could result in the dismissal of the instant petition.  The petitioner filed his response [7] on August 1, 2007.  He further filed a change of address [8] on February 7, 2008.

 On July 16, 2008, an order [9] was entered which held that the petitioner's response [7] was not well taken and the petitioner was required to comply with the order [5] entered on July

10, 2007, within 20 days of the entry of the order.   The envelope containing the order [9] entered on July 16, 2008, was returned by the postal service with a notation "Returned to Sender - Lincoln MR (medical release)" and was docketed by this court on July 28, 2008.  Out of an abundance of caution, this court entered on August 29, 2008, an order to show cause [11] directing the petitioner to respond in writing on or before September 12, 2008.  The envelope [12] containing the order to show cause was returned by the postal service with a notation "returned to sender -  Lincoln MR" and was docketed by this court on September 11, 2008.  Petitioner has also failed to comply with that order.

     According to the court records, petitioner has failed to communicate with court, either to inquire as to the status of his case or to attempt to comply with two court orders.  In fact, according to the docket entries the petitioner has not communicated with this court since February 7, 2008, when he filed his notice of a change of address.  The petitioner's failure to comply with two orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

     This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

     The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra,

370 U.S. at 630.

Since the respondent has not been called upon to respond to the petition, and has never appeared in this action, and since the court has never considered the merits of the petition , the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the 30th day of September, 2008.

                                  s/ HENRY T. WINGATE
                                  CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO.  3:07cv375-HTW-LRA
Opinion and Order